UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Marlon Aguirre,<br><br>                                    *Plaintiff,*<br><br>      v.<br><br>Torino Pizza, Inc. d/b/a Stella's Pizzeria,<br>Torino Bakery, Inc., Francis Vacante, and<br>Maria Vacante,<br><br>                                    *Defendants.* | Civ. No. 18-CV-2004<br><br>COMPLAINT |

Plaintiff Marlon Aguirre, as and for his Complaint, alleges as follows:

Preliminary Statement

1. For over 13 years, Plaintiff Marlon Aguirre ("Plaintiff" or "Mr. Aguirre") worked long hours – as many as 70 or 80 hours per week – as a cook at Stella's Pizzeria in Newburgh, New York.  Notwithstanding these long hours, Defendants Torino Pizza, Inc. d/b/a Stella's Pizzeria, 283 Broadway Newburgh, LLC, Torino Bakery, Inc., Francis Vacante and Maria Vacante (collectively, "Defendants") never paid Mr. Aguirre overtime for his work. Instead - year after year, in willful and systematic violation of federal and New York law, Defendants paid Plaintiff only a flat hourly rate for all of his hours of work.

2. To remedy these and other legal violations, Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and New York Labor Law. Plaintiff seeks, *inter alia*, his unpaid wages, liquidated damages, and damages for other violations of New York Labor Law.

## Jurisdiction and Venue

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 201 *et seq.* (FLSA), and 8 U.S.C. § 1343.

4. The Court has jurisdiction over Plaintiff's pendant state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction). Plaintiff's state law claims are parts of the same case or controversy as Plaintiff's federal claim.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391. A substantial part of the acts and/or omissions giving rise to the claims alleged in this Complaint occurred within this district.

6. Defendants reside and/or do business in this district.

## Parties

7. Plaintiff Marlon Aguirre is a resident of New York State who was employed by Defendants between 2003 and 2017.

8. At all times relevant to this action, Mr. Aguirre was a non-exempt employee of Defendants within the meaning of the FLSA and New York Labor Law.

9. Plaintiff's primary and native language is Spanish.

10. Torino Pizza, Inc. ("Torino Pizza") is a New York corporation with its principal place of business located at 283 Broadway, Newburgh, Orange County, New York.

11. Torino Pizza operates as a pizzeria restaurant ("Stella's Pizzeria"), located at 283 Broadway in Newburgh, New York. (Torino Pizza and Stella's Pizzeria are collectively referred to herein as "Torino Pizza").

12. Torino Bakery, Inc. is a New York corporation with its principal place of business located at 404 Broadway in Newburgh, New York.

13. Defendant Francis Vacante is an individual who, upon information and belief, was an owner of Torino Pizza at times relevant to this action. At times relevant to this action, Defendant Francis Vacante also functioned as a manager of Torino Pizza.

14. Defendant Maria Vacante is an individual who had control over the regular operations of Torino Pizza.

15. Defendants Francis Vacante and Maria Vacante are residents of New York State.

16. Defendants are engaged in commerce as defined by 29 U.S.C. § 203.

17. Upon information and belief, Defendants have a gross volume business of not less than $500,000 per year.

18. At all times relevant to this action, Defendants were "employers" of Plaintiff within the meaning of the FLSA and New York Labor Law.

19. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA and New York Labor Law.

20. At all times relevant to this action, Defendants "employed" Plaintiff within the meaning of the FLSA and New York Labor Law.

21. Plaintiff consents in writing to becoming a party plaintiff in this action (see Exhibit 1, attached).

## Factual Allegations

22. Plaintiff Marlon Aguirre worked at Torino Pizza as a cook between 2003 and 2017.

23. When Mr. Aguirre first began working for Defendants, he worked seven days per week, for a total of as many as 80 hours per week. Later, Mr. Aguirre began working six days per week, for a total of as many as 70 to 75 hours per week.

24. During his last three months of employment only, Mr. Aguirre's hours were reduced and he worked approximately 50 to 56 hours per week.

25. When Mr. Aguirre started working for Defendants in 2003, he was paid $7.00 per hour.

26. Mr. Aguirre's hourly rate increased over the time he worked for the Defendants. His hourly rate, at the time Mr. Aguirre's employment ended with Defendants, was $11.00 per hour.

27. Although Plaintiff consistently worked more than forty hours each week, Defendants never paid Plaintiff overtime at a rate of at least one-and-a-half times his regularly hourly rate, as is legally-required.

28. Instead, Mr. Aguirre was paid a flat hourly rate for all of the hours he worked for Defendants.

29. On a regular basis, the interval between the beginning and the end of Plaintiff's work day exceeded ten hours. However, Plaintiff was never paid an additional hour at the minimum wage on the days in which his spread of hours exceeded ten hours, as required by 12 N.Y.C.R.R. § 146-1.6.

30. Defendants failed to furnish to Plaintiff, at the time he began working for Defendants, written notice of his wage rate or a written disclosure of the other information required by NYLL 195(1) in his primary language.

31. Defendants never thereafter furnished to Plaintiff written notice or a disclosure of the information required by NYLL 195(1), including any changes to Plaintiff's rate of pay.

32. In addition, Defendants failed to furnish proper and accurate wage statements to Plaintiff as required by New York Labor Law 195(3).

33. At all times relevant to this action, Defendants failed to post, in a visible and accessible location, the required posters informing employees of their rights under the FLSA and under New York Labor Law.  As a result, the FLSA and New York Labor Law statute of limitations should be equitably tolled to allow Plaintiff to recover for legal violations during his entire period of employment.

*Defendant Francis Vacante and Maria Vacante's active, operational control over all aspects of Torino's Pizzeria*

34. Defendant Francis Vacante had the power to establish, and did establish – directly or through his agent(s) – the terms of Plaintiff's employment.

35. Defendant Francis Vacante, directly or indirectly, determined the salary to be paid to Plaintiff.

36. Defendant Francis Vacante had the power to hire and fire employees of Stella's, and he exercised that power, whether directly or through his agent(s).

37. Defendant Francis Vacante worked at Torino Pizza on a daily basis.

38. Defendant Francis Vacante had the power to control the day-to-day functions of Torino Pizza, and did control the day-to-day operations of Torino Pizza.

39. Defendant Francis Vacante, directly or indirectly, managed, supervised, and directed the business and operations of Torino Pizza.

40. Defendant Maria Vacante had the power to establish, and did establish – directly or through her agent(s) – the terms of Plaintiff's employment.

41. Defendant Maria Vacante, directly or indirectly, determined the salary to be paid to Plaintiff. Upon information and belief, Defendant Maria Vacante regularly signed the business checks which were used to pay employees at Torino Pizza.

42. Defendant Maria Vacante had the power to hire and fire employees of Torino Pizza, and she exercised that power, whether directly or through her agent(s).

43. Defendant Maria Vacante had the power to control the day-to-day functions of Stella's, and did control the day-to-day operations of Torino Pizza.

44. Defendant Maria Vacante, directly or indirectly, managed, supervised, and directed the business and operations of Torino Pizza.

*Joint Enterprise: Torino Pizza and Torino Bakery*

45. At all times relevant to this action, Torino Pizza and Torino Bakery were under common control and were operated for a common business purpose.

46. At all times relevant to this action, the operations of Torino Pizza and Torino Bakery were integrated.  They share a common name and are located close to each other on Broadway in Newburgh, New York.

47. At all times relevant to this action, Torino Pizza and Torino Bakery had shared supplies and had common storage.  A significant amount of the food products used at Torino Pizza – including sugar and bread – comes from Torino Bakery.

48. Upon information and belief, checks written to employees and vendors of Torino Pizza were sometimes written on Torino Bakery accounts.

49. At least two employees of this joint enterprise regularly worked for Torino Pizza and Torino Bakery during the same work day.

50. Torino Pizza and Torino Bakery were under common control, as Defendant Maria Vacante oversaw the operations of both business.   Among other things, Maria Vacante gave direction to managers at both Torino Pizza and Torino Bakery, made financial decisions for both Torino Pizza and Torino Bakery, and was involved in personnel decisions for both Torino Pizza and Torino Bakery.

51. For all times relevant to this action, Defendants have constituted a single enterprise engaged in commerce, and in operating their business, have performed related activities through unified operation or common control for a common business purpose.

*Further Allegations*

52. During the course of his employment, Plaintiff handled, sold, or otherwise worked on items that were produced for movement in interstate commerce.

53. At all times relevant to this action, Defendants have employed two or more individuals, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

54. Defendants: (1) shared the services of the Plaintiff, (2) shared direct or indirect control over Plaintiff, (3) acted in the interest of one another, and (4) constitute joint employers of Plaintiff as defined by federal and state law.

55. Defendants undertook all of the actions and omissions alleged above either directly, or through their agents who were authorized to undertake such actions and omissions.

56. The actions and omissions alleged hereinabove were willful.

## **FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act)**

57. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

58. Defendants willfully failed to pay Plaintiff overtime at a rate of at least one-and-a-half times his regular hourly rate for every hour Plaintiff worked above forty (40) hours in a work week. This failure violates the Fair Labor Standards Act, 29 U.S.C. § 207(a) and its implementing regulations.

59. Defendants also violated the FLSA by failing to keep records as required by statute, 29 U.S.C. § 211(c).

60. Plaintiff is entitled to his unpaid wages, plus an additional equal amount in liquidated damages, as a consequence of Defendants' unlawful actions and omissions, in accordance with 29 U.S.C. § 216(b).

61. Plaintiff is also entitled to costs of Court, pursuant to 29 U.S.C. § 216(b).

62. Plaintiff seeks, and is entitled to, attorneys' fees incurred by his counsel, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (New York Labor Law)

63. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

64. Defendants willfully failed to pay Plaintiff overtime at a rate of at least one-and-a-half times his regularly hourly rate for every hour he worked above forty (40) hours in a single work week

65. Defendants' failure to pay the required wages as set forth above was willful within the meaning of New York Labor Law §§ 198, 663, and 681.

66. Plaintiff is entitled to his unpaid wages mandated by New York Labor Law, plus an additional 100 percent as liquidated damages, as a consequence of the Defendants' unlawful actions and omissions in accordance with New York Labor Law §§ 198, 663, and 681.

67. Plaintiff seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest.

## THIRD CAUSE OF ACTION
### (New York Labor Law – Spread of Hours)

68. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

69. Plaintiff regularly worked days in which the end of his work shift was more than ten (10) hours from the beginning of his work shift.

70. Defendants, in violation of 12 N.Y.C.R.R. § 146-1.6, never paid Plaintiff an additional hour of pay at the minimum wage rate for every day in which the

interval between the beginning and the end of Plaintiff's work day was more than ten (10) hours.

71. Plaintiff is entitled to his unpaid spread of hour pay as mandated by New York Labor Law, plus an additional 100 percent as liquidated damages, as a consequence of the Defendants' unlawful actions and omissions, in accordance with New York Labor Law §§ 198, 663, and 681.

72. Plaintiff seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest.

**FOURTH CAUSE OF ACTION**
**(New York Labor Law – Wage Notice and Wage Statement Violations)**

73. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully here.

74. Defendants failed to provide Plaintiff, at the time of his hiring or thereafter, wage notices in his primary language containing his rates of pay and other information as required by New York Labor Law § 195(1).

75. Defendants failed to provide Plaintiff with accurate wage statements with every payment of wages which provided all of the information required under New York Labor Law § 195(3).

76. For Defendants' violation of New York Labor Law § 195(1), Plaintiff is entitled to $50 for each work day in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to New York Labor Law §198(1-b).

77. For Defendants' violation of New York Labor Law § 195(3), Plaintiff is entitled to $250 for each work day in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to New York Labor Law §198(1-d).

78. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest.

Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

WHEREFORE, Plaintiff requests that this Court enter an Order:

   a. assuming jurisdiction over this action;
   b. declaring Defendants violated the FLSA and New York Labor Law;
   c. permanently enjoining Defendants from further violations of the FLSA and New York Labor Law;
   d. granting judgment to Plaintiff on his FLSA claims and awarding Plaintiff his unpaid wages and an equal amount in liquidated damages;
   e. Granting judgment to Plaintiff on his New York Labor Law claims and awarding Plaintiff his unpaid wages, spread of hours compensation, applicable statutory damages, and liquidated damages as provided for by statute;
   f. Awarding Plaintiff prejudgment and postjudgment interest as allowed by law;

g.  Awarding Plaintiff his costs and reasonable attorneys' fees; and

h.  Granting such further relief as the Court deems just and proper.

DATED:   New York, NY
         March 6, 2018

        KAKALEC LAW PLLC

        */Patricia Kakalec*
        Patricia Kakalec
        85 Broad Street, 16th Floor
        New York, NY 10004
        (212) 705-8730
        Patricia@KakalecLaw.com

        WORKER JUSTICE CENTER OF NEW YORK, INC.

        Laura Revercomb
        9 Main Street
        Kingston, NY 12401
        (845) 331-6615
        lrevercomb@wjcny.org