UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARLON AGUIRRE,

                              Plaintiff,

          -v-

TORINO PIZZA, INC. d/b/a STELLA'S PIZZERIA;
TORINO BAKERY INC.; FRANCIS VACANTE;
and MARIA VACANTE,

                             Defendants.

Case No. 18-CV-2004 (KMK)

OPINION & ORDER

Laura Lee Revercomb, Esq.
Worker Justice Center of New York Inc.
9 Main Street
Kingston, NY
*Counsel for Plaintiff*

Patricia Coyle Kakalec, Esq.
Kakalec & Schlanger, LLP
85 Broad Street, 18th Floor
New York, NY
*Counsel for Plaintiff*

Michael Treybich, Esq.
219 West 81st Street
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

      On March 6, 2018, Plaintiff Marlon Aguirre ("Plaintiff") brought this Action against Torino Pizza, Inc. d/b/a Stella's Pizzeria ("Torino Pizza"), Torino Bakery Inc. ("Torino Bakery"), Francis Vacante ("Francis"), and Maria Vacante ("Maria") (collectively, "Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et*

*seq.*, New York Labor Law ("NYLL") Article 6 § 190, *et seq.*, and Article 19 § 650, *et seq.*, and the provisions of N.Y. Comp. Codes R. & Regs. ("N.Y.C.R.R.") tit. 12, part 146. (*See* Compl. ¶¶ 2, 65, 70, 74–77 (Dkt. No. 1).) The Parties have jointly moved for approval of their proposed settlement. For the reasons that follow, their Motion is denied without prejudice.

## I. Background

According to Plaintiff, Defendants, who own and operate a restaurant known as Stella's Pizzeria that employed Plaintiff between 2003 and 2017, failed to pay Plaintiff for hours worked in excess of forty hours per week at the overtime rate of one and a half times his regular hourly rate. (Compl. ¶ 27.) Additionally, Plaintiff alleges he was never paid an additional hour at the minimum wage on days in which his spread of hours exceeded ten hours as required by 12 N.Y.C.R.R. § 146-1.6. (*Id.* ¶ 29.) Plaintiff also alleges that Defendants failed to furnish written notice of his wage rate and other information as required by NYLL § 195. (*Id.* ¶¶ 30–32.)

On December 17, 2018, the Parties submitted to the Court a proposed settlement agreement, which they requested that the Court approve. (Letter from Patricia Kakalec, Esq., to Court (Dec. 17, 2018) ("Dec. 17 Letter") (Dkt. No. 19); Dec. 17 Letter Ex. 2 ("Proposed Settlement").)

## II. Discussion

A plaintiff's ability to dismiss an action without a court order is made "[s]ubject to . . . any applicable federal statute." "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *See* Fed. R. Civ. P. 41(a)(2). The Second Circuit has recently confirmed that the FLSA is an "applicable federal statute," such that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to

2

take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (internal quotation marks omitted), *cert. denied*, 136 S. Ct. 824 (2016).[1] Consequently, "the [P]arties must satisfy the Court that their agreement is 'fair and reasonable.'" *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015); *see also Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015) (same).

When assessing a proposed settlement for fairness, there is generally "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Matheis v. NYPS, LLC*, No. 13-CV-6682, 2016 WL 519089, at *1 (S.D.N.Y. Feb. 4, 2016) (same); *Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (same); *Martinez v. Hilton Hotels Corp.*, No. 10-CV-7688, 2013 WL 4427917, at *1 (S.D.N.Y. Aug. 20, 2013) (same).

As a number of courts have recognized, although a court should consider the totality of the circumstances, the most significant factors include:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length

---

[1] Although not relevant here, the Second Circuit has explained the authority of the Department of Labor to approve settlements, noting "the Secretary of Labor has the authority to 'supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under'" certain portions of the FLSA, in which case "'[t]he agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have . . . to such . . . unpaid overtime compensation and' liquidated damages due under the FLSA." *Cheeks*, 796 F.3d at 201 n.1 (second alteration in original) (quoting 29 U.S.C. § 216(c)).

> bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043, 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016) (same); *Garcia v. Jambox, Inc.*, No. 14-CV-3504, 2015 WL 2359502, at *2 (S.D.N.Y. Apr. 27, 2015) (same). Conversely, factors which weigh against finding a settlement fair and reasonable include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (internal quotation marks omitted); *see also Villalva-Estrada v. SXB Rest. Corp.*, No. 14-CV-10011, 2016 WL 1275663, at *2 (S.D.N.Y. Mar. 31, 2016) (same); *Garcia*, 2015 WL 2359502, at *2 (same); *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014) (same). Making this determination "is thus an information intensive undertaking," *Camacho*, 2014 WL 6985633, at *2, and "the [P]arties must provide the [C]ourt with enough information to evaluate the bona fides of the dispute," *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *1 (S.D.N.Y. Dec. 3, 2015) (internal quotation marks omitted).[2] To this end, courts require information surrounding "the nature of [the] plaintiffs' claims, . . . the litigation and negotiation process, the employers' potential exposure . . . to [the] plaintiffs . . . , the bases of estimates of [the] plaintiffs' maximum

---

[2] This approach is consistent with the requirement that "FLSA settlements . . . not be confidential," in part because "sealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177–78 (S.D.N.Y. 2015) (alterations and internal quotation marks omitted).

4

possible recovery, the probability of [the] plaintiffs' success on the merits, and evidence supporting any requested fee award." *Id.* (first alteration in original) (internal quotation marks omitted) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015)).

Having reviewed the Proposed Settlement, the Court is satisfied that it was negotiated in good faith at arms' length and that there was no fraud or collusion. The Court is also satisfied, based on the Parties' representations, that the settlement will allow the Parties to avoid the anticipated burdens and risks of litigation. Additionally, the Court finds that the settlement sum is fair, reasonable, and adequate. The settlement sum Plaintiffs will receive under the Proposed Settlement, excluding attorneys' fees and costs, is $45,000. (Dec. 17 Letter 2.) This amount represents 100% of Plaintiff's owed wages, plus an additional $9,548 toward any claim Plaintiff has for liquidated damages under NYLL § 195. This is significantly higher than many settlements courts have approved as fair and reasonable. *See, e.g.*, *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531, 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (approving settlement amount of less than 25% of the maximum possible recovery); *Beckert v. Ronirubinov*, No. 15-CV-1951, 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (finding a proposed settlement sum of approximately 25% of the estimated maximum possible recovery fair and reasonable). Further, Plaintiff faces a particularly substantial risk from prolonged litigation here, as Stella's Pizzeria has permanently closed down and Defendant Francis Vacante, its owner, is in bankruptcy. This settlement thus prevents "the scenario in which [Plaintiff] obtains a judgment but is left with years of litigation to try to enforce that judgment." (Dec. 17 Letter 4.) Finally, settlement helps all Parties avoid the risks generally associated with going to trial. *See Rodriguez-Hernandez v. K Bread & Company, Inc.*, No. 15-CV-6848, 2017 WL 2266874, at *4 (S.D.N.Y. May 23, 2017) (approving settlement sum representing 26% of potential damages

where there were "various bona fide disputes between the parties," including "whether the evidence would support a claim for either unpaid tips or improper deductions"); *Beckert*, 2015 WL 8773460, at *2 ("[Plaintiff] could well receive, post-trial, much less than th[e] maximum possible recovery."); *see also Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016) (finding settlement sum fair "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement").

However, the Court finds that the Proposed Settlement's release provision is too broad. "[T]he FLSA is a uniquely protective statute," *Cheeks*, 796 F.3d at 207, and courts will not approve settlement agreements that contain overly broad release provisions that would "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," *id.* at 206 (internal quotation marks omitted) (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 181); *see also Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) ("If the parties wish to obtain approval of their settlement, any release provision must be limited to the claims at issue in this action."); *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14-CV-2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (rejecting a settlement agreement where "the parties' release language . . . include[d] 'actions and/or claims against the [d]efendants, known or unknown, which [the plaintiff] may have as of the date of this [a]greement including but not limited to any alleged violation of any federal, state or local law, regulation, rule or ordinance which relates in any way to [the] [d]efendants' payment of wages to [the] [p]laintiff during [the] [p]laintiff's employment with [the] [d]efendants'"); *Flood v. Carlson Rests. Inc.*, No. 14-CV-2740, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015) (rejecting a settlement agreement that, in effect, "waive[d] any possible claims against [the] [d]efendants—

6

including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues").

Here, the proposed release provision provides that Plaintiff releases Defendants "from any and all claims . . . of whatever nature, character[,] or description, which arise directly or indirectly out of any facts, events, or transactions that occurred from the beginning of time through the date that [Plaintiff] executes this Agreement that are in any way related to, arise from, out of or based upon [Plaintiff]'s employment with [Defendants], including but not limited to claims under New York Labor Law and the Fair Labor Standards Act. Claims which may not be released as a matter of law are not released." (Dec. 17 Letter Ex. B ("Settlement Agreement") ¶ 5.) The Settlement Agreement contains an identical mutual release applicable to any claims Defendants have against Plaintiff. (*Id.* ¶ 6.) The inclusion of "any and all claims . . . of whatever nature, character[,] or description, which arise directly or indirectly out of any facts, events, or transactions . . . including but not limited to claims under New York Labor Law and the Fair Labor Standards Act" is overbroad. It is clear from this language that the Parties fail to limit the release provision to FLSA and NYLL claims, as it is not limited to the specific wage-and-hour issues underlying this Action. As noted, the caselaw is clear that "any release provision must be limited to the claims at issue in this action." *Lazaro-Garcia*, 2015 WL 9162701, at *2; *see also Larrea v. FPC Coffees Realty Co., Inc.*, No. 15-CV-1515, 2017 WL 1857246, at *3 (S.D.N.Y. May 5, 2017) ("[A] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are limited to the claims at issue in this action." (internal quotation marks omitted)). Although a release "may include claims not presented and even those which could not have been presented," it must still be limited to "conduct [that] arises out of the identical factual predicate as the settled conduct." *Nights of Cabiria*, 96 F. Supp. at 181; *see also*

7

*Martinez v. Gulluoglu LLC*, No. 15-CV-2727, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) ("The [c]ourt will not approve a release provision that extends beyond the claims at issue in this action.").

Finally, the Court finds that the Attorneys' fees requested by Plaintiffs' counsel are reasonable. Under both FLSA and the New York Labor Law, a successful plaintiff—including one who settles—is entitled to attorneys' fees. *See Lizondro-Garcia v. Kefi LLC*, No. 12-CV-1906, 2015 WL 4006896, at *2 (S.D.N.Y. July 1, 2015) (citing, inter alia, 29 U.S.C. § 216(b), N.Y. Labor Law §§ 198, 663(1)). In the Second Circuit, courts may calculate attorneys' fees under one of two methodologies: the "lodestar" method or the "percentage of the fund" method. *See McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). "Under the percentage-of-the-fund method, the attorneys are awarded a reasonable percentage of the common fund." *Lizondro-Garcia*, 2015 WL 4006896, at *3. "Under the lodestar method, 'the district court scrutinizes the fee petition to ascertain the number of hours reasonably billed to the class and then multiplies that figure by an appropriate hourly rate.'" *Ortiz v. Chop't Creative Salad Co. LLC*, 89 F. Supp. 3d 573, 590 (S.D.N.Y. 2015) (footnote omitted) (quoting *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000)). "After the computation is done, 'the district court may, in its discretion, increase the lodestar by applying a multiplier based on "other less objective factors," such as the risk of the litigation and the performance of the attorneys.'" *Id.* at 590–91 (quoting *Goldberger*, 209 F.3d at 47). "Although [the Second Circuit] ha[s] acknowledged that the trend in this Circuit is toward the percentage method, it remains the law in this Circuit that courts may award attorneys' fees in common fund cases under either the 'lodestar' method or the 'percentage of the fund' method." *McDaniel*, 595 F.3d at 417 (some internal quotation marks omitted). Under either approach, courts draw on the following

considerations—commonly known as the "*Goldberger* factors"—when assessing the reasonableness of attorneys' fees: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger*, 209 F.3d at 50 (alteration and internal quotation marks omitted).

When requesting attorneys' fees in an FLSA case, "counsel must submit evidence providing a factual basis for the award." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). Although courts may elect to award fees by either considering the lodestar method—the reasonable hourly rate of the attorney multiplied by the number of hours reasonably expended—or the percentage method—a percentage of the total amount recovered by the plaintiffs—"[t]he trend in [the Second] Circuit is toward the percentage method." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). Even where attorneys' fees are sought pursuant to the percentage of the fund method, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336; *see also Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014) ("Counsel must provide a factual basis for a fee award, typically with contemporaneous time records."). A proper fee request thus includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Nights of Cabiria*, 96 F. Supp. 3d at 181. The Court must also determine the reasonable hourly rate by considering the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012).

Under the Proposed Settlement, Plaintiffs' Counsel would receive $20,000, which represents just over 30%, but less than one-third, of the total recovery of $65,000. Courts

routinely award attorneys in FLSA settlements one-third of the total recovery in fees. *See Garcia v. Atlantico Bakery Corp.*, No. 13-CV-1904, 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016) ("[O]ne-third of the total award is the customary contingency percentage in FLSA cases."); *see also Ocasio v. Big Apple Sanitation, Inc.*, No. 13-CV-4758, 2016 WL 5376241, at *2 (E.D.N.Y. Mar. 16, 2016) (noting that the fee sought was "less than the typical contingency fee percentage of 33 1/3%"), *adopted by* 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016). Counsel also notes that based on its typical billing rates, a $20,000 fee is substantially less than the lodestar amount of $49,965. (Dec. 17 Letter 3.) *See Pucciarelli*, 2017 WL 2778029, at *2 (noting that the "lodestar method confirms [the] conclusion" that a fee constituting 33.3% of FLSA settlement was reasonable). Plaintiff's counsel provided detailed billing records and affidavits explaining Plaintiff's attorneys' qualifications and typical billing rates, and accounting for all hours expended pursuing Plaintiff's claims. (Dec. 17 Letter Exs. C, D.) Based on these factors, the Court finds that $20,000 is a reasonable fee.

### III. Conclusion

For the foregoing reasons, the Parties' joint Motion is denied without prejudice. The Parties may reapply for approval of a settlement that appropriately narrows the release provision to apply only to the wage-and-hour-related conduct underlying this lawsuit.

SO ORDERED.

Dated: White Plains, New York
January 8, 2019

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

10