## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release of Claims (hereinafter the "Agreement") is entered into by and between Marlon Aguirre (hereinafter "Mr. Aguirre"), and Torino Pizza, Inc. d/b/a Stella's Pizzeria, Torino Bakery, Inc., Francis Vacante, in his individual capacity, and Maria Vacante in her individual capacity (hereinafter collectively referred to as "Stella's Defendants").

## RECITALS

**WHEREAS**, on or about March 6, 2018, Mr. Aguirre commenced an action in the U.S. District Court for the Southern District of New York against the Stella's Defendants alleging unpaid wage and related labor violations under the Fair Labor Standards Act and New York Labor Law during the Stella's Defendants employment of Mr. Aguirre between 2003 and 2017 *(Aguirre v. Torino Pizza, Inc. et al.,* 18-CV-2004 (S.D.N.Y.) (hereinafter the "District Court Action"); and

**WHEREAS**, on March 30, 2018, Francis Vacante filed a Chapter 13 Petition in the Southern District of New York Bankruptcy Court, 18-35517 (CGM) (Bankr. S.D.N.Y.) (the "Bankruptcy"); consequently, the District Court Action was stayed as to Mr. Vacante; and

**WHEREAS**, on May 11, 2018, the Stella's Defendants, other than Francis Vacante, filed an answer in the District Court Action denying Mr. Aguirre's claims; and

**WHEREAS**, Mr. Aguirre filed a proof of claim in the Bankruptcy on May 25, 2018; and

**WHEREAS**, Mr. Aguirre filed an Adversary Proceeding in Bankruptcy Court, 18-CV 9025 (CGM) (Bankr. S.D.N.Y.), on October 18, 2018 (the "Adversary Proceeding"); and

**WHEREAS**, Mr. Vacante (Debtor) filed a Motion to Dismiss the Adversary Proceeding; and

**WHEREAS**, the Stella's Defendants agree that their obligations to pay Mr. Aguirre the amounts set forth herein shall not be dischargeable in any bankruptcy proceedings under 11 U.S.C. § 523 (a)(6).

**WHEREAS**, Mr. Aguirre and the Stella's Defendants (collectively, the "parties") now desire to compromise and settle all claims or potential claims between them relating in any way to the District Court Action, the Bankruptcy, and/or the Adversary Proceeding;

**WHEREAS**, the parties hereby collectively agree they have had a reasonable period of time to consider this Agreement, and have consulted with an attorney of her/his/its own choosing prior to executing this Agreement;

**NOW THEREFORE**, in consideration of the foregoing Recitals and the terms and conditions as set forth herein, the parties hereto agree as follows:

## Payment

1. As referred to in this Agreement "Mr. Aguirre" means Marlon Aguirre. "Stella's Defendants" means and includes Torino Pizza, Inc. d/b/a Stella's Pizzeria, Torino Bakery, Inc., Francis Vacante, in his individual capacity and Maria Vacante, in her individual capacity. The term "parties" means Mr. Aguirre and the Stella's Defendants, as a collective group.

2. The Stella's Defendants, in order to resolve the dispute which has arisen between them and Mr. Aguirre without further litigation and associated costs, shall pay or cause to be paid to Mr. Aguirre, as set forth in paragraph (3) hereinbelow, the total sum of sixty-five thousand dollars ($65,000) (the "settlement funds").

3. The settlement funds shall be paid as follows:

  (a) Within fifteen (15) days of the execution of this Agreement by all parties (the "Effective Date"), the Stella's Defendants shall pay the sum of sixty-five thousand U.S. dollars ($65,000.00) as described in this paragraph. This payment shall be made by three bank or certified checks:

  1. one check in the amount of twenty-two thousand five hundred dollars ($22,500.00), less all applicable local, state, and federal withholding (including but not limited to FICA), payable to Marlon Aguirre for his claims of unpaid wages; Torino Pizza, inc. d/b/a Stella's Pizzeria will issue an IRS Form W-2 to the Plaintiff for said amount; and

  2. a second check in the gross amount of twenty-two thousand five hundred dollars ($22,500.00) payable to Marlon Aguirre with respect to his claims of liquidated damages, wage statement violation damages and prejudgment interest; Torino Pizza, Inc. d/b/a Stella's Pizzeria will issue an IRS Form 1099 to the Plaintiff for said amount; and

  3. a third check in the amount of twenty thousand dollars ($20,000.00), payable to Kakalec Law PLLC.

  b. If this Agreement has not been approved by the Court by the date these three checks are received by Mr. Aguirre's counsel, Mr. Aguirre's counsel will hold these checks in escrow until such time as the Agreement is approved, as described below in paragraphs (7) — (10).

  c. All checks shall be sent to counsel for Mr. Aguirre: Patricia Kakalec, Kakalec Law PLLC, 85 Broad Street, 16th Floor, New York, NY 10004, or to any address subsequently designated by counsel for Mr. Aguirre.

  4. For purposes of determining the tax withholding on any of the payments above that are to be reported on an IRS Form W-2, the pay period upon which such determination shall be made shall be a

miscellaneous pay period of three-hundred sixty-five (365) days.

## Releases

a. *Mr Aguirre 's Release of the Stella 's Defendants:* Upon Mr. Aguirre's receipt of the settlement funds referred to in paragraph 3 above, Mr. Aguirre, for himself, his attorneys, insurers, assignees, transferors, transferees, affiliates, agents and representatives, releases and forever discharges the Stella's Defendants, and its respective insurers, transferors, principals, partners, officers, directors, employees, servants, subsidiaries, parent corporations, affiliates, successors, stockholders, agents, and representatives from all claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the New York Labor Law raised by Mr. Aguirre in the District Court Action, the Bankruptcy, and the Adversary Proceeding.

b. *The Stella's Defendant Release of Mr. Aguirre:* Upon Mr. Aguirre's receipt of the settlement funds referred to in paragraph 3 above, the Stella's Defendants, its attorneys, insurers, assignees, transferors, transferees, affiliates, agents and representatives, release and forever discharge Mr. Aguirre and his respective insurers, transferors, principals, partners, officers, directors, employees, servants, agents, and representatives from all claims related to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and New York Labor Law claims raised by Mr. Aguirre in the District Court Action, the Bankruptcy, and the Adversary Proceeding.

### *Judicial Review and Dismissal of the Litigation*

7. This Agreement is contingent upon and requires Court approval. Therefore, within fifteen (15) calendar days of the Effective Date of this Agreement, the parties shall submit this Agreement to the appropriate Courts for judicial review and approval. The parties agree to cooperate and take all steps necessary to effectuate judicial approval of this Agreement.

8. In the event that additional documentation is needed to terminate the District Court Action, the parties shall use their best efforts to draft and provide to the Court such documentation.

9. Within five (5) calendar days of the Court's approval of the parties' Agreement, provided that the settlement funds described in paragraph 3(a) above have been received by Mr. Aguirre's counsel, Mr. Aguirre's counsel shall file a stipulation of dismissal with prejudice with the Court, dismissing the District Court Action. If the settlement funds described in paragraph 3(a) have not yet been received by Mr. Aguirre's counsel by the date the Court approves the parties' Agreement, Mr. Aguirre's counsel shall file the stipulation of dismissal with prejudice within five (5) calendar days of the Court's approval of the Agreement.

10. In addition, within five (5) calendar days of the Court's approval of the parties' Agreement, provided that the settlement funds described in paragraph 3(a) have been received by Mr. Aguirre's counsel, Mr. Aguirre's counsel shall file a notice dismissing the Adversary Proceeding with prejudice.

### *Other*

11. This Agreement shall remain effective and binding on all parties should Mr. Vacante

(Debtor) dismiss or convert his Bankruptcy case to any other chapter under the United States Bankruptcy Code.

12. *Acknowledgment:* Mr. Aguirre and the Stella's Defendants acknowledge that they have been fully and fairly represented by counsel in this matter.

13. *Binding on Successors.* This Agreement and the covenants and conditions contained herein shall apply to, and be binding upon or inure to the administrators, executors, legal representatives, heirs, assignees, successors, agents and assigns of the parties hereto.

14. *Construction.* This Agreement shall not be construed against the party preparing it, but rather shall be construed as if the parties jointly prepared this Agreement, and any uncertainty and ambiguity shall not be interpreted against any one party. This Agreement is to be interpreted, enforced and governed by and under the laws of the State of New York, without giving effect to the conflict-of-laws, rules and principles thereof.

15. *Modification.* This Agreement shall not be modified by either party by oral representation made before or after the execution of this Agreement. All modifications must be in writing and signed by the party to be charged therewith.

16. *Counterparts.* This Agreement may be executed in multiple counterparts, each of which shall be deemed an original Agreement, and all of which shall constitute one agreement to be effective as of the Effective Date. Photocopies or facsimile copies of executed copies of this Agreement may be treated as originals.

17. *Severability.* The parties agree that if any provision of this Agreement should become inconsistent with present or future law having jurisdiction over and otherwise properly governing the subject matter of the provision, such provision shall be deemed to be rescinded or modified in accordance with any such law. In all other respects, the Parties agree that the other provisions of this Agreement shall continue and remain in full force and effect.

18. *Waiver.* Nothing in this Agreement shall operate to prevent either party from enforcing their rights under this Agreement.

19. *Entire Agreement.* This Agreement contains the entire understanding and agreement between the parties hereto with respect to the matters referred to herein. No other representations, covenants, undertakings or other prior or contemporaneous agreements, oral or written, respecting such matters, which are not specifically incorporated herein, shall be deemed in any way to exist or bind any of

the parties hereto. The parties hereto acknowledge that each party has not executed this Agreement in reliance on any such promise, representation or warranty.

**AGREED TO BY:**

_____          January 19, 2019
Marlon Aguirre                                            Date

Subscribed and sworn before me this 19th day of January, 2019

_____
Notary Public Robert McCreanor       Qualified in Queens County
No. 02MC6205893                             My Commission Expires 10/31/21

_____          _____
Torino Pizza, Inc.                                       Date

By: Francis Vacante

Title: President

Subscribed and sworn before me this ___ day of December ___, 2018

_____
Notary Public

the parties hereto. The parties hereto acknowledge that each party has not executed this Agreement in

reliance on any such promise, representation or warranty.

**AGREED TO BY:**

_____   _____

Marlon Aguirre                                              Date

Subscribed and sworn before me this   day of

January, 2019

_____

Notary Public


_____   _____1/25/2019_____

Torino Pizza, Inc.                                          Date

By: Francis Vacante

Title: President

Subscribed and sworn before me this 25th day of

January ~~December~~, 2018

_____

Notary Public

ANDREA B. MALIN
Notary Public, State of New York
No. 02MA6306301
Qualified in Dutchess County
Commission Expires June 23, 2022

_____   _____1/25/2019_____
Torino Bakery, Inc.                Date

By: Maria Vacante

Title: Treasurer

Subscribed and sworn before me this 25th day of

January, 2019

_____
Notary Public

ANDREA B. MALIN
Notary Public, State of New York
No. 02MA6306301
Qualified in Dutchess County
Commission Expires June 23, 2022

_____   _____1/25/2019_____
Francis Vacante                    Date

Subscribed and sworn before me this 25th day of

January, 2019

_____
Notary Public

ANDREA B. MALIN
Notary Public, State of New York
No. 02MA6306301
Qualified in Dutchess County
Commission Expires June 23, 2022

_____   _____1/25/2019_____
Maria Vacante                      Date

Subscribed and sworn before me this 25th day of

January, 2019

_____
Notary Public

ANDREA B. MALIN
Notary Public, State of New York
No. 02MA6306301
Qualified in Dutchess County
Commission Expires June 23, 2022